IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RENEE KALMES, et al.,            )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )    No.  13 C 363
                                 )
MKM OIL, INC.,                   )
                                 )
          Defendant.             )

MEMORANDUM OPINION AND ORDER

Affirmative defenses ("ADs") are a prime candidate for the "Most-misunderstood (and hence Most-misused) Award" among the components that make up the federal pleading regime--see, e.g., App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). And when as here litigants cross swords, via the generally disfavored motion to strike, over whether some claimed ADs do or do not fit that mold, all too often that proves to be a wasteful digression from the parties' substantive pursuit of the litigation.[1] As Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989) put it nearly a quarter century ago:

---

[1] Unfortunately the situation here has been further complicated by the fact that the parties' briefing on plaintiffs' motion to strike was completed by the June 11, 2013 filing of plaintiffs' Reply in support of that motion, but less than a week later (on June 17) defendant MKM Oil Company, Inc. ("MKM") filed its Amended Answer to Class and Collective Action Complaint (Dkt. 35). That later filing changed both the content and the numbering of MKM's purported ADs, creating a "you can't tell the players without a scorecard" phenomenon. This opinion will address the 11 claimed ADs included in that Amended Answer.

> Midwhey places great reliance on the general rule that motions to strike are disfavored. This is because motions to strike potentially serve only to delay. See United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975)(Clark, J.). But where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay. Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. Id. at 631. Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact. Id. Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Bobbitt v. Victorian House, Inc., 532 F.Supp. 734, 736-37 (N.D. Ill. 1982). Thus, defenses must set forth a "short and plain statement," Fed. R. Civ. P. 8(a), of the defense. Bobbitt, 532 F.Supp. at 737.[2]

Instead of seeking to untangle what the parties have done, this Court will pursue the task of dealing sua sponte with a proper simplification of MKM's mostly mistaken efforts, the same kind of procedure toward which it aimed in issuing the various parts of the State Farm appendix. That process should streamline the case substantially, enabling the parties to go back to their substantive pursuits.

To begin with, ADs 1 through 6 add nothing at all to the cause of notice pleading that is the goal of the federal pleading process. Announcing the existence of statutes of limitation in a hypothetical vacuum, with no anchor in the litigation as it

---

[2] [Footnote by this Court] As both Heller and the State Farm appendix reflect, this Court's opinion in the Bobbitt case was written more than three decades ago, while this Court was still a rookie at the job of policing improper pleading. Unfortunately too many lawyers have still not gotten the message.

stands today, makes no sense at all--MKM might just as well have added, as a purported AD, something along the lines of "If someone is not a member of the class, his or her claim must be denied."

Because ADs 1 through 6 really add nothing to the current mix, all of them are stricken. If, as and when one or more factual claims do run afoul of the applicable statutes of limitation, MKM may then advance an AD or ADs in real world--rather than purely speculative--terms.

AD 7 carries its own death warrant as a currently useful pleading by its inclusion of the telltale "to the extent" qualification. That purported AD is also stricken, again without prejudice to advancement of a comparable AD if, as and when the future factual development confirms its appropriateness.[3]

Next, AD 10 states another purely hypothetical "What if?" proposition, having no predicate at all in the current posture of the litigation. Like the numerous purported ADs that raise hypothetical limitations problems, AD 10 too is stricken.

---

[3] This AD 7 ruling has deliberately eschewed the resolution of the parties' dispute as to whether MKM's asserted policy of requiring payments by putative class members for various reasons (1) amounts to a violation of its own statutory payment requirements or (2) renders involuntary any putative class members' payments made to avoid discipline or termination or (3) both. Although the parties' briefing to this point has spoken to those issues in part, the more orderly procedure would be for those issues to be posed by a Fed. R. Civ. P. ("Rule") 16 issue-narrowing motion, on which full briefing can then serve as grist for the mill of a substantive opinion by this Court.

Finally, AD 11 violates the most fundamental concept set out in State Farm as well as Rule 8(c) jurisprudence, under which the allegations of the complaint under consideration must be accepted as gospel. Essentially AD 11 is the equivalent of a Rule 12(b)(6) motion, which calls for treatment up front in the regular way. Meanwhile AD 11 is stricken as such.

That leaves standing only ADs 8 and 9. Neither requires extended discussion.

As for AD 8, what the parties have advanced to this point is muddled and calls for a clearer statement of whether some or all of the payments from putative class members that are required by MKM are barred by one or more of the applicable statutes invoked by plaintiffs, or whether that is the case only to the extent that such payments may drive class members' compensation below the statutory minimum wage requirements.

As for AD 9, that can stand as written--but with the understanding that MKM's "good faith" contention must be read in both subject and objective terms. Once again, the issue posed there may profit from a full blown motion in limine posed by either or both of the litigants.

## Conclusion

Plaintiffs' pending motions (Dkt. 23 and 40) are denied as framed. In lieu thereof, all of the ADs in MKM's Amended Answer

4

other than ADs 8 and 9 are stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 1, 2013